Per Curiam.

The court below in a well-reasoned opinion properly concluded that the tenant respondent was entitled to a credit of the total amount of past overpayments of rent, notwithstanding that only a portion of the excess rental payments had been made to petitioner, the current landlord, with the greater amount having been received by his predecessor in interest.
Subdivision (2) of section 38, of the New York City Rent, Eviction and Rehabilitation Regulations expressly and unambiguously provides with respect to retroactive adjustments that: "Where an order establishing or adjusting a maximum rent, or the portion thereof collectible from a particular tenant, is effective as of a date prior to the date of its issuance, * * * (2) any excess rent paid by the tenant for such prior period shall be credited to the tenant in full commencing with the rental payment immediately following the issuance of the order.” (Italics added).
To adopt the strained construction urged by landlord appellant, that is, limiting the credit to the amount actually received by the current landlord, would serve not only to frustrate both the express language of the statute and the amelio *1003 rative policy considerations underlying our rent control laws but, in addition, might well give rise to extensive abuses by way of questionable transfers of property for purposes of evading redress for overcharges.
The argument that another remedy is also available to recover excess rental payments from the prior landlord is irrelevant in light of the intention manifested in subdivision (2) of section 38 to provide the tenant with a pragmatic, simplified procedure for the recovery of prior overcharges without need for recourse to litigation. That petitioner failed to include appropriate protective provisions for contingencies incidental to rent controlled premises when he purchased the building is clearly no basis for imposing unintended burdens or limitations upon the statutory rights of the tenant who was a wholly innocent and powerless bystander in the transfer of the property.
Order, entered December 30, 1975 (Nason, H. O.), affirmed, with $10 costs.
Concur: Dudley, J. P., Tierney and Riccobono, JJ.